**Yvonne Marie BOYD, et al.**

v.

**POINTE COUPEE PARISH SCHOOL BOARD, et al.**

Civ. A. No. 3164.

United States District Court,
M.D. Louisiana.

July 28, 1983.

Nelson D. Taylor, Baton Rouge, La., for plaintiffs.

Dawn Martin, U.S. Dept. of Justice, Atty., U.S. Dept. of Justice, Civ. Rights Div., Washington, D.C., for U.S.A.

John F. Ward, Baton Rouge, La., for defendant, Pointe Coupee School Bd.

James Stanley Lemelle, Asst. U.S. Atty., Baton Rouge, La., for defendants.

## MEMORANDUM AND ORDER APPROVING CONSENT DECREE

JOHN V. PARKER, Chief Judge.

This matter is before the court upon the joint motion of all parties for approval of a consent decree in this longstanding school desegregation case. On March 16, 1982, the court approved a proposed consent decree which had been approved in part by all the parties and opposed in part by the original plaintiffs. *Boyd v. Pointe Coupee Parish School Board,* 534 F.Supp. 555 (M.D.La. 1982). The differences between that decree and the present consent decree are minimal: Foremost, all parties approve of all provisions of this decree, which decree pairs the only two remaining unpaired schools in New Roads and continues the Morganza school as an elementary school only.

The current law of the Fifth Circuit is that a district court is required to approve a consent decree which has been approved by all parties, unless the decree contains provisions which are unreasonable, illegal, unconstitutional, or against public policy. *United States v. City of Alexandria,* 614 F.2d 1358 (5th Cir.1980); *Boyd v. Pointe Coupee Parish School Board, supra.* The court has carefully reviewed the proposed consent decree, has found nothing objectionable, and will approve the decree in all respects.

The declaration contained in paragraph 8 of the consent decree that the "School Board has committed itself to eradicating all vestiges of the former dual system of education" is most encouraging and welcome. As this court has commented, "the 'deliberate speed' of *Brown v. Board of Education,* 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) has evolved into a continuing and affirmative duty upon each school board where racial segregation in public schools was formerly state imposed, to convert to a unitary school system." *Davis v. East Baton Rouge Parish School Board,* 498 F.Supp. 580, 585 (M.D.La.1980). It is refreshing to find a local board of elected public officials who recognize their obligations under the Constitution and who voluntarily undertake to discharge those obligations. The court applauds the Pointe Coupee Parish School Board for its leadership, courage and wisdom in making this commitment to the Constitution that governs and protects us all and commends that example to other school boards who have apparently not yet realized that the constitutional duty to desegregate public schools rests squarely upon school authorities, not federal courts. While federal courts in appropriate cases can, and have, devised, ordered and executed desegregation plans the results are, at best, mixed. Only when the community itself recognizes that all vestiges of racial desegregation must be eradicated will public schools be truly desegregated. And only where local public officials provide the necessary leadership is the community likely to respond; for it is the posture of the local Board toward desegregation which sets the tone for acceptance or rejection and implementation or undermining of desegregation by staff, administrators, teachers and other school personnel, students, parents and ultimately the community at large. The Pointe Coupee Parish School Board's commitment indicates to the court that in implementing the consent decree the Board will look for ways to make desegregation work rather than for ways to make it not work. With leadership and dedication of that nature spreading throughout the school system the court has every confidence in the School Board's success.

■ All parties have agreed that good faith implementation by the School Board and its staff of the desegregation plan contained in the consent decree will remove the last vestiges of the former dual school system and will, after such good faith implementation, result in a unitary school system. After reviewing the proposed consent decree the court concurs in that conclusion and accordingly:

IT IS HEREBY ORDERED that the school desegregation plan contained in the consent decree filed herein on July 13, 1983, is hereby APPROVED, made the judgment of the court and the plan is hereby ORDERED to be implemented by the Pointe Coupee Parish School Board.